CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 10 2013

JULIA C. [signature], CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON IV, | ) | CASE NO. 7:13CV00566 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| HAROLD CLARKE, DIRECTOR, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Jacob D. Peyton IV, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the May 22, 2008 judgment of the Circuit Court of Augusta County under which he stands convicted of three counts of grand larceny and three counts of breaking and entering, and sentenced to seven years and six months. The court finds that the petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]

Court records indicate that Peyton previously filed a § 2254 petition concerning the same convictions, Civil Action No. 7:12CV00547. Thus, Peyton's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because Peyton does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 10th day of December, 2013.

[signature]
Chief United States District Judge

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."